UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 26-2467 PA (SSCx) | Date | May 11, 2026 |
|---|---|---|---|
| Title | Gevorg Sargsyan v. James Janecka, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**        IN CHAMBERS — COURT ORDER

Before the Court is an Application for a Temporary Restraining Order ("TRO Application") filed by petitioner Gevor Sargsyan ("Petitioner"), who is appearing represented by counsel. (Docket No. 3.) Petitioner filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") on May 8, 2026. (Docket No. 1.) The Petition names as respondents James Janecka, Warden, Adelanto Immigration and Customs Enforcement ("ICE") Processing Center; Tae D. Johnson, Acting Director, ICE; Kristi Noem, Secretary, U.S. Department of Homeland Security; and Pamela Jo Bondi, Attorney General of the United States (collectively "Respondents"). Petitioner's TRO Application seeks Petitioner's immediate release from ICE detention.

Due to the influx of petitions for writs of habeas corpus filed by those in immigration detention, and to facilitate their expedited resolution, the Court has issued General Order No. 26-05. Pursuant to the General Order, the Court set a briefing schedule for the Petition in this case, with Respondents' Answer due seven (7) days after the Clerk's Office issued the Notice of General Order on May 9, 2026 (Docket No. 6), and Petitioner's Reply due no later than 3 days after the Answer is filed. This expedited briefing schedule is designed to "provide prompt resolution to habeas petitions" and minimize the necessity of motions for injunctive relief. (General Order 26-05 at pp. 1, 3.) The General Order specifically states that "[a]pplications for temporary restraining orders should be reserved for cases where the petitioner alleges imminent irreparable harm that cannot be addressed by the . . . expedit[ed] briefing schedule." (Id. at p. 3.)

Here, Petitioner does not allege the type of imminent, irreparable harm contemplated by the General Order. Moreover, in light of the expedited briefing schedule on the underlying Petition, any delay that may result from awarding Petitioner relief based on the habeas petition alone would be brief. As a result, the Court concludes that Petitioner is not entitled to emergency, ex parte relief. See Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22, 129 S.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 26-2467 PA (SSCx) | Date | May 11, 2026 |
|---|---|---|---|
| Title | Gevorg Sargsyan v. James Janecka, et al. | | |

Ct. 365 (2008) (Petitioner "must establish . . . that he is likely to suffer irreparable harm in the absence of preliminary relief").[1]  The Court therefore denies the TRO Application.  Proceedings on the merits of the Petition continue to be referred to the assigned Magistrate Judge.

IT IS SO ORDERED.

---

[1]    In addition to identifying imminent, irreparable harm that cannot be addressed by the expedited briefing schedule, the General Order specifically states that an application for a TRO must also comply with Local Rule 7-19.  Rule 7-19 requires that a party seeking ex parte relief provide oral notice to opposing counsel and to advise the Court in writing whether counsel opposes the application.  Although the Court's denial of the TRO Application is not based on this additional deficiency, the Court notes that Petitioner failed to comply with the notice requirements of Rule 7-19 prior to filing the TRO Application.